Brobst *v*. Brobst, Appellant.

Submitted January 3, 1956.  Before STERN, C.  J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Nicholas Piazza,* for appellant.

*Hervey B. Smith* and *Smith & Eaves,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 13, 1956:

Defendant appeals from the decree of the court below, in equity, dismissing his petition to open a decree pro confesso and also making final a decree nisi entered after hearing. His sole contention is that the court had no jurisdiction to try title to realty.

Plaintiff and defendant are husband and wife and are separated. The wife's complaint alleged that she and defendant "are the owners as tenants by the entireties" of designated realty in defendant's sole possession, and that the deeds "have never been recorded and are . . . in the possession of the Defendant." She asked, in addition to other equitable relief, for an accounting and an injunction against the removal of Christmas trees and collection of rents.

The complaint was filed and served on November 10, 1952, and on the same day defendant was ruled to produce the deeds, returnable November 12th. No answer having been filed, this rule was made absolute.

On December 8th, by stipulation of counsel, time for answer to the complaint was extended to December 22nd. Thereafter, and until June 1, 1953, time for filing answer was extended on seven more occasions. On June 2, 1953, upon petition alleging that he had been unable to obtain from defendant necessary information for an answer, defendant's counsel was permitted to withdraw, and defendant was again given twenty days to file an answer.

On June 27, 1953, on plaintiff's praecipe under Pa. R. C. P. 1511 (a), judgment by default was entered against defendant for failure to plead to the complaint. On July 27, 1953, plaintiff asked for hearing to assess damages and to take testimony for determination of a decree. Hearing having been fixed for August 19th, it was then continued to and held August 26, 1953. Defendant refused to have counsel, and asked that the matter proceed. He failed to produce the deeds to the realty and, called on cross-examination, was not only evasive but conflicting in his testimony as to where the deeds were and in whose names the realty was held.

On December 4, 1953, the court entered a decree nisi which granted the relief sought by plaintiff. Defendant thereafter obtained other counsel who filed exceptions to the decree and on December 14, 1953, and also on February 1, 1954, filed petition to open the judgment entered by default.

The foregoing indicates that defendant has not shown good faith in the course of these proceedings, but has persistently refused to lay before the court the true state of facts. He was given all possible opportunity and time to present his alleged defense to the action, and we find no basis in the record for granting the relief he seeks. Defendant has not shown that he was acting in good faith and that his delay in asserting his defense was not due to his own fault or wilful neglect,—all of which is necessary to open a decree pro confesso: *New York Life Insurance Company v. Sekula*, 352 Pa. 495, 499, 43 A. 2d 134.

The question of the existence of a full and adequate remedy at law is not jurisdictional, but is one directed to the form of the action; and an objection based thereon may be waived. Pa. R. C. P. 1509 (c) provides: "The objection of the existence of a full, complete and adequate nonstatutory remedy at law shall be raised

by *preliminary objection . . . If not so pleaded, the objection is waived.*" (Italics supplied). On this basis alone, defendant's appeal could be denied. But the record establishes without question that the plaintiff was entitled to her decree.

One spouse may bring an action in equity against the other to enforce his or her rights in a tenancy by entireties, where one wrongfully excludes the other from any form of possession: *Lindenfelser v. Lindenfelser,* 383 Pa. 424, 427, 119 A. 2d 87. In addition, we have held that although title may be in the name of one spouse only, the other spouse may, by an action in equity, obtain a reconveyance from the one holding title on proof of fraud committed upon her in the obtaining of such title: *DeBernard v. DeBernard,* 384 Pa. 194, 120 A. 2d 176.

In *Mower v. Mower,* 367 Pa. 325, 328, 80 A. 2d 856, we upheld the right of the court in equity to compel recording of a deed of conveyance to husband and wife by entirety and to restrain sale or encumbrance thereof by the husband. In that case, the deed had been given to a bank for recording. The wife's action was to compel the bank to record, and to restrain the husband from selling or encumbering the premises. We there held: "It is true that an action to quiet title would afford plaintiff relief against the bank and compel it to record the deed. But plaintiff also seeks relief against her husband to prevent him from selling or encumbering the property. A court of chancery, having jurisdiction for one purpose, will retain it for all purposes and do complete justice as between the parties even though it adjudicates questions which in the first instance would not have warranted the court in assuming jurisdiction." The same principle applies in the instant case.

The testimony and record fully support the chancellor's finding that the realty is owned by entireties. It was confirmed by the court en banc, and therefore has the weight of a jury's verdict. We find no reason to disturb the decree on this appeal. See *Maxwell v. Schaefer*, 381 Pa. 13, 19, 112 A. 2d 69.

Decree affirmed; costs to be paid by defendant.