Allegheny Plastics, Inc., Appellant, *v.* Stuyvesant Insurance Company.

Argued March 24, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Raymond G. Hasley,* with him *Evans Rose, Jr., Harold R. Schmidt,* and *Rose, Houston, Cooper and Schmidt,* for appellant.

*Herman C. Kimpel,* with him *Sanford M. Chilcote,* and *Dickie, McCamey, Chilcote & Robinson,* for insurance company, appellee.

Opinion Per Curiam, May 27, 1964:

Appellant, Allegheny Plastics, Inc. (Allegheny), entered into a contract with Industrial Structures, Inc. (Industrial), for the construction of a building for Allegheny by Industrial. Industrial, as principal, and The Stuyvesant Insurance Co. (Stuyvesant), as surety, delivered a performance, labor and materials bond to Allegheny, insuring Industrial's undertaking.

The building was completed and the entire contract price paid to Industrial. Subsequently, Allegheny received notices of unpaid claims against Industrial, arising out of the supplying of labor and materials for the construction project, and also received a number of notices of intention to file mechanic's liens. Allegheny informed Industrial and Stuyvesant of these claims and demanded that they save it harmless from the claims.

Upon the failure of Industrial and Stuyvesant to honor Allegheny's demand, Allegheny filed a complaint in equity against them, seeking the specific performance of its contracts with them and a decree directing Industrial and Stuyvesant to indemnify and save Allegheny harmless from the labor and material claims involved.

Stuyvesant filed preliminary objections, contending, inter alia, that Allegheny has an adequate remedy at law. The court below agreed with this contention, sustained the preliminary objections and dismissed the complaint; this appeal followed.

We agree with the court below that "[t]he substance of plaintiff's complaint is an alleged breach of contract and the ultimate relief is money damages, therefore, we are of opinion that there is an adequate remedy at law". Further, we agree that this case is not a proper one for equitable relief under the theory of exoneration. The theory of exoneration provides for relief as between the surety and its principal, such relief not being available to the obligee of the bond.

The court below, however, should not have dismissed the complaint; rather, it should have certified the action to the law side of the court, in compliance with Rule 1509(c), Pa. Rules of Civil Procedure. *Hampsey v. Duerr,* 401 Pa. 578, 166 A. 2d 38 (1960); *Redditt v. Horn,* 361 Pa. 533, 64 A. 2d 809 (1949).

The decree of the court below is vacated and the case remanded to it with direction to certify the action to the law side of the court. Each party to bear own costs.