## Rushing v. Hughes

*L. K. W. Deininger,* for plaintiff.

*Carolus A. Wade,* for defendant.

KURTZ, J., December 17, 1970.—In this action, plaintiff, who is the wife of defendant, Lewis Rush-

ing, alleges that she and her husband are the owners as tenants by the entireties of a property situate in Valley Township in this county; that her husband has brought his paramour, codefendant, into the house located upon that property and has lived there with her and her three children; and that as a result of this situation plaintiff has been forced to move from the premises.

The answer admits the ownership of the property and that the husband has brought his codefendant to live upon the property. It denies the existence of an improper relationship between defendants and that plaintiff has been forced to live elsewhere. The relief sought by plaintiff is the following:

The entry of an order directing the alleged paramour to leave the premises and to take her children with her; the entry of an order forbidding her return; the entry of an order against the husband-defendant prohibiting his inviting the alleged paramour and her children to live upon or enter the premises; and the entry of an order prohibiting that defendant from inviting persons objectionable to plaintiff onto the property.

## FINDINGS OF FACT

1. Plaintiff and defendant, Lewis Rushing, who are husband and wife, were, prior to June 1970, and are now the owners as tenants by the entireties of premises known as 889 West Chestnut Street, situate in Valley Township, Chester County, Pa., upon which is erected a six-room house, two of which rooms are bedrooms. That house was occupied by plaintiff and Lewis Rushing together with their 29-year-old daughter, Carol Rushing.

2. About the middle of June 1970, Lewis Rushing brought defendant, Alice Hughes, to live with him

in that house and at that time Alice Hughes brought her three children by a prior union with her.

3. All of the persons above named continued to occupy said premises until shortly after October 2, 1970, when plaintiff removed therefrom and went to live with a relative in the City of Reading. Defendants have continued to live there.

4. During this period of their common occupancy, defendants refused to permit plaintiff to use the kitchen and the principal bathroom located on the premises; they directed that she use a bathroom located in the cellar. In addition, plaintiff was not permitted to occupy a bedroom but was required to sleep on a sofa in the den. She was denied the use of the living room because defendants used that room as a place in which to sleep, having placed a mattress on the floor for that purpose and having also appropriated the second bedroom for the use of Alice Hughes' children.

5. Although plaintiff asked defendants to desist from this course of conduct and insisted that defendant, Alice Hughes, leave the premises, the conduct continued even to the point of defendant and Alice Hughes engaging in sexual intercourse in the living room in plaintiff's presence.

6. On or about October 2, 1970, just prior to plaintiff's leaving the premises, and during a discussion concerning the presence of Alice Hughes in the household, the said Alice Hughes took a lighted cigar from defendant, Lewis Rushing, and burned plaintiff's hand with it.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1509(c) provides:

"The objection of the existence of a full, complete

and adequate nonstatutory remedy at law shall be raised by preliminary objection . . . If not so pleaded, the objection is waived."

These defendants have not asserted that plaintiff has an adequate remedy at law available to her. Accordingly, we must proceed to a consideration of the issues raised upon the testimony presented at the hearing.

In our analysis of the matter, we perceive at least two theories upon which plaintiff's claim for relief might be sustained. In Reading v. Gazzam, 200 Pa. 70, 106 (1901), the Supreme Court approved a charge to the jury in which it was said:

"The wife is entitled, as a matter of right, not only to the support and maintenance of her husband, but also to his love and affection. It follows that if any woman by the exercise of any arts or wiles, alienates the husband's affections from his wife, entices him away from her presence, so that she has not the consolation and advantage of his society and does not receive adequate support from him, an action may be maintained for such an injury."

In Everett v. Harron, 380 Pa. 123 (1955), the Supreme Court approved the employment of equitable intervention for the protection of personal rights. In light of those decisions we hold that as a wife this plaintiff is entitled to appropriate equitable relief for the protection of those personal rights to which she as a wife is entitled arising out of the marriage relationship.

Plaintiff also comes into court as a tenant by the entireties and is likewise entitled to equitable relief as one whose rights arising from that tenancy have been infringed upon. In Brobst v. Brobst, 384 Pa. 530, 533 (1956), the Supreme Court said:

"One spouse may bring an action in equity against the other to enforce his or her rights in a tenancy by

entireties, where one wrongfully excludes the other from any form of possession: . . ."

From the facts above found, it is clear that this plaintiff, as a result of the husband's wrongful conduct, has been excluded from the possession of the premises which she and her husband own. No wife of normal sensitivity could be expected to continue to live in that house under the circumstances which we have found here to exist. Accordingly, we are disposed to grant appropriate equitable relief in order to protect her rights as a co-owner of this real estate.

## CONCLUSIONS OF LAW

1. Plaintiff is entitled to equitable relief as a wife whose personal rights arising from her marriage relationship have been infringed upon by defendant, Alice Hughes.

2. Plaintiff as a tenant by the entireties with her husband, Lewis Rushing, is entitled to appropriate equitable relief so as to obtain and thereafter retain her lawful possession in the premises, the subject of this proceeding.

## DECREE NISI

And now, December 17, 1970, defendant, Lewis Rushing, is hereby enjoined from maintaining Alice Hughes and her children upon the jointly-owned property of Julia Rushing and himself, situate at no. 889 West Chestnut Street, Valley Township, in this county, and from permitting the said Alice Hughes and her children to occupy said premises either as residents thereof or as his guests or visitors; defendant, Alice Hughes, is enjoined from occupying or visiting said premises either alone or with her children at or without the invitation of Lewis Rushing. Defendant, Lewis Rushing, will pay the costs.