Kramer Appeal.

Argued January 15, 1971.  Before Bell, C. J., Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*Lewis R. Long*, for appellant.

*Thomas E. Butterfield, Jr.*, City Solicitor, for City of Bethlehem, appellee.

Opinion Per Curiam, October 12, 1971:

This is an appeal taken August 6, 1970 from an order of the Court of Common Pleas of Northampton County entered June 22, 1970, which denied and dismissed appellant's appeal from a decision of the City Council of the City of Bethlehem, a city of the third class, discharging appellant as a police officer because of alleged misconduct. No statutory right of appeal from the order of the Common Pleas Court being granted by the Third Class City Code[1] or otherwise, this appeal would, under our law as it existed prior to January 1, 1969, have been proper and would have been considered by us as on broad certiorari. *New Kensington v. Swierczewski*, 397 Pa. 559, 156 A. 2d 181 (1959); *Vandergrift Borough v. Polito*, 397 Pa. 538, 156 A. 2d 99 (1959); *Bell Appeal*, 396 Pa. 592, 610-11,

---

[1] Act of June 23, 1931, P. L. 932, §4408, as amended, 53 P.S. §39408.

152 A. 2d 731 (1959); *Ditko Appeal,* 385 Pa. 435, 123 A. 2d 718 (1956). However, under any of the appeal statutes enacted by the General Assembly on December 2, 1968, effective January 1, 1969,[2] appellate jurisdiction was placed in the Superior Court.

Appellee has not questioned our jurisdiction by motion to quash or otherwise, but subject matter jurisdiction cannot be conferred by consent. *Pozzuolo Est.,* 433 Pa. 185, 193, 249 A. 2d 540 (1969). We have concluded, accordingly, to remit this case to the Superior Court as though timely filed. See *Smethport Area School District v. Bowers,* 440 Pa. 310, 321, 269 A. 2d 712 (1970); *Plains Township School District Appeal,* 438 Pa. 294, 265 A. 2d 358 (1970).[3]

It is so ordered.

---

[2] See particularly Act of December 2, 1968, P. L.    , No. 351, §1, 12 P.S. 1111.1; Act of December 2, 1968, P. L.    , No. 353, §9, 53 P.S. 11309.

[3] Under Section 402 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. 211.101 et seq., appellate jurisdiction in a case such as this is in the Commonwealth Court. That Act, however, did not become effective until September 11, 1970. Since the appeal was improperly in our Court on the effective date, we deem it appropriate to transfer to the court which had jurisdiction on the date the appeal was filed. It can then be handled by the Superior Court as it sees fit under the provisions of Section 507 of the Appellate Court Jurisdiction Act.