## Kelly Corp. v. DeFinis

*Richard C. Osterhout*, for plaintiff.
*Robert Lewis Seigle*, for defendant.

KELTON, *J.*, November 12, 1982—This is an action "in equity and assumpsit" for a real estate broker's commission alleged to be due from defendant property owners to plaintiff brokers. Defendants, instead of raising a preliminary objection as to the existence of a full, complete and adequate non-statutory remedy at law as mandated by Pa.R.C.P. 1509(c), filed a responsive answer on the merits and then belatedly filed a "motion to transfer and certify the stated cause of action to the law side of the court." That motion is now before us under Bucks County Rule *266.

Plaintiff now claims in its brief that the defense of adequate remedy at law has been waived because it was not raised by preliminary objection, citing Brobst v. Brobst, 384 Pa. 530, 121 A. 2d 178 (1956); Scott v. Purcell, 490 Pa. 109, 415 A. 2d 56 (1980); and Pa.R.C.P. 1509. That rule states that if the objection is not pleaded by preliminary objection, it is waived.

We agree.

However, we may raise the issue of adequate remedy at law on our own motion. Myshko v. Galanti, 453 Pa. 412, 415, 309 A. 2d 729 (1973). We do so at this time because it will not delay the ultimate decision in the case and will permit the matter to be disposed of in the most appropriate form of action. Cf. Carelli v. Lyter, 430 Pa. 543, 547-9, 244 A. 2d 6 (1968) (transfer to law side disapproved where case had been fully litigated) with Lehigh Valley Cooperative Farmers, Inc. v. Equipment Sales & Rental Co., 38 Lehigh 172 (1979) (transfer approved where motion made at final hearing) and Goodrich-Amram 2d §1509(c):2 at p. 127.

Upon review of the complaint we conclude that plaintiff's remedy at law is clearly adequate. The count of the complaint which seeks equitable relief is basically a claim for money damages dressed up in equitable clothing. A suit for broker's commission on express contract or quantum meruit should normally be tried at law and in this case should be disposed of under our court established arbitration system. See Connell v. Blake, 9 D. & C. 2d 594 (1956) (remedy at law adequate in commission cases).

## ORDER

And now, November 12, 1982, defendants' motion to transfer this matter to the law side of the court is hereby granted and Counts one and two of the complaint and answer are hereby certified under this caption and the pleadings previously filed for disposition in assumpsit before an arbitration panel of this court.