Commonwealth of Pennsylvania, Petitioner *v.* The Carborundum Company, Respondent.

Commonwealth of Pennsylvania, Petitioner *v.* The Carborundum Company, Respondent.

Argued February 1, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MAC-PHAIL and DOYLE.

*Eugene Anastasio*, Deputy Attorney General, with him *Robert B. Hoffman*, Deputy Attorney General, *John Krill*, Deputy General Counsel, *Allen C. Warshaw*, Deputy Attorney General, and *LeRoy S. Zimmerman*, Attorney General, for petitioner.

*Albert J. Tomalis, Jr., Keefer, Wood, Allen & Rahal*, for respondent.

*W. Michael Trant*, Deputy Chief Counsel, Department of Revenue, with him *Francis Mazzola*, Chief Counsel, Department of Auditor General, and *Charles L. Sieck*, Deputy General Counsel, Office of General Counsel, for Amici Curiae.

OPINION BY JUDGE WILLIAMS, JR., April 13, 1983:

On behalf of the Commonwealth of Pennsylvania, the Attorney General has filed two Petitions for Review in this Court challenging orders of the Board of Finance and Revenue (Board). The taxpayer, The Carborundum Company, filed a Motion to Quash the consolidated appeals, which motion is presently before us for disposition.

I.

Pursuant to the provisions of The Fiscal Code,[1] the Board reviews all orders appealed to it from various administrative determinations of tax liability issued by the Department of Revenue and the Auditor General. The six members[2] of the Board are the State

---

[1] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§1-1855. Of particular note are the Sections comprising Article XI of The Fiscal Code, 72 P.S. §§1101-1108.

[2] *See*, Section 405 of The Administrative Code, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §115, as affected by Section 303 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, 71 P.S. §732-303. The Attorney General may designate a deputy to sit in his stead on the Board. 71 P.S. §732-207.

Treasurer, the Secretary of Revenue, the Auditor General, the Attorney General, the Secretary of the Commonwealth, and the General Counsel.

After following prescribed procedures not here at issue, Carborundum timely appeared before the Board to contest settlement[3] orders issued by Revenue and the Auditor General relative to its franchise tax obligations. By unanimous vote, the Board reduced the taxpayer's liability by over 40%, based upon an adjusted appraisal of Carborundum's capital stock value. The Attorney General promptly appealed that decision to this Court, contending that the Board improperly assessed the worth of Taxpayer's capital stock. Carborundum subsequently filed the present Motion to Quash.[4]

## II.

In its Motion, Carborundum calls to the Court's attention that the Attorney General, by his deputy/designees, sat on the Board and cast an affirmative vote for the order now being appealed. By protesting that order, the Attorney General is taking a position opposing that he maintained at the agency level.

The Attorney General argues (a) that the Commonwealth is aggrieved by that decision, (b) that he is

---

[3] Settlement is defined at 61 Pa. Code §151.1 as:

The determination by *the Commonwealth* of tax liability of a taxpayer according to law. A settlement of a corporate tax Report is made by a Taxing Officer of the Bureau of Corporation Taxes, Department of Revenue, evidenced by affixing his signature and the date of signing to the Report. All such settlements are subject to the approval of a Taxing Officer in the Department of the Auditor General, evidenced by affixing his signature and the date of signing to the same Report. (Emphasis added.)

[4] Also argued concomitant with the Motion to Quash was a Motion to Strike an amicus brief. Our disposition of the Motion to Quash in this fashion renders unnecessary any discussion of the legal issues raised in the Motion to Strike.

authorized under Article IV, Section 4.1 of the Pennsylvania Constitution,[5] and its implementing legislation, the Commonwealth Attorneys Act, to represent the Commonwealth qua "Commonwealth"—an entity distinct from the various departments and agencies of the state and from the executive branch, and (c) that therefore, he may institute this appeal. Within the factual matrix of this case, that argument cannot be sustained.

Whatever the scope of the Attorney General's powers,[6] however limited or extensive they might be, his representational interest does not change from one level of an action to another. When he or his deputy/designee was sitting as a member of the Board, he was representing the same interest as he now represents in his appeal to this Court, and his vote to join in the settlement was cast as part and parcel of that representation. In so voting, he acquiesced in the entry of the Board's order, and cannot now appeal therefrom; he has waived the right of his client to object to that order. *Daly v. Darby Township School District*, 434 Pa. 286, 252 A.2d 638 (1969); *Sarsfield v. Sarsfield*, 251 Pa. Superior Ct. 516, 380 A.2d 899 (1977).

Motion granted.

### ORDER

AND Now, this 13th day of April, 1983, the Motion to Quash filed by The Carborundum Company in the above-captioned matter is hereby granted. Such determination renders moot the Motion to Strike filed by the Commonwealth of Pennsylvania.

---

[5] Article IV, Section 4.1 reads, in pertinent part:
An Attorney General shall be chosen by the qualified electors of the Commonwealth . . . he shall be the chief law officer of the Commonwealth and shall exercise such powers and perform such duties as may be imposed by law.

[6] We specifically do not here address the other issues raised in the Motion to Quash.