645 A.2d 1363

**Sheryl LEE, Appellant**

v.

**John CARNEY.**

Superior Court of Pennsylvania.

Argued June 15, 1994.

Filed Aug. 15, 1994.

George C. Entenmann, Pittsburgh, for appellant.

Gregory Whitney, Pittsburgh, for appellee.

Before KELLY, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

■ This appeal is from the Order of October 6, 1993, directing appellant to fulfill her obligation under the Order of consent of October 27, 1992, to pay appellee fifteen hundred dollars ($1,500.00).

Appellant contests the subject matter jurisdiction of the trial court to enter the Order of October 6, 1993, challenges appellee's right to enforce the earlier Order of consent of October 27, 1992, and contends that the prices she paid for certain items damaged or not returned to her should have been allowed to set off her obligation to pay the fifteen hundred dollars ($1,500.00). We affirm.

The trial court has summarized the factual background in its Opinion written pursuant to Pa.R.App.P. 1925(a) as follows:

In October of 1992, [appellant] filed a Petition for Protection from Abuse. On October 27, 1992, a consent order was entered by the parties. The order provided *inter alia* that [appellant] would pay $1,500 to [appellee] when she received her 1992 Income Tax Refund in March, 1993, and [appellant] was to pick up various household items from their residence described on a list attached to the order. On June 16, 1993, [appellee] presented a Petition to Enforce Order as [appellant] had allegedly failed to turn over the money. A hearing was scheduled for October 6, 1993. After hearing, the court entered an order for [appellant] to pay [appellee] the $1,500 within thirty days. [Appellant] has now appealed.

Opinion, p. [1] (unnumbered).

■ The purpose of the Protection from Abuse Act (the Act), 23 Pa.C.S.A. § 6101 *et seq.*, is to protect victims of domestic violence from the perpetrators of such abuse. *See Weir v. Weir,* 428 Pa.Super. 515, 525, 631 A.2d 650, 654 (1993) (purpose of Act "is to provide spouses, household members and intimate partners and children with immediate temporary protection from abuse") and *Snyder v. Snyder,* 427 Pa.Super. 494, 504, 629 A.2d 977, 981 (1993) (primary goal of Act is to "advance prevention of physical and sexual abuse"). Appel-

lant maintains that requiring a victim to pay money to the perpetrator of the abuse runs contrary to this general purpose and, moreover, is not among the eight enumerated types of relief authorized by law. *See* 23 Pa.C.S.A. § 6108. Consequently, appellant argues, the trial court had no subject matter jurisdiction to enter its Order of October 6, 1993, even though the required payment of the fifteen hundred dollars ($1,500.00) by appellant to appellee was part of a consent Order.

It is true that the payment of money by a victim of abuse to the perpetrator thereof is not one of the enumerated forms of relief designated by Section 6108. However, Section 6108 prefaces these enumerations with the following statement:

(a) **General rule.**—The court *may* grant any protection order or approve *any consent agreement* to bring about a cessation of abuse of the plaintiff or minor children. The order or *agreement may* include. . . .

Section 6108(a). (Emphasis supplied). This section tells us several things. First, the use of the word "may" indicates that the trial court has the discretion to choose the appropriate remedy or remedies. *Snyder, supra.* Secondly, it appears that the Act contemplates consent Orders such as the one at hand by the use of the phrase "any consent agreement".

Although at first blush it appears rather odd that a protection from abuse Order would require a *victim* pay money to the perpetrator of the abuse, we do not believe that such a requirement runs afoul of the purpose of the Act. Appellant wished protection from further abuse by appellee. Her payment of the fifteen hundred dollars ($1,500.00) to him, under the circumstances, may have worked to serve this very purpose. Moreover, the provision for the payment of money by appellant to appellee was part of a *consent* Order. The record reveals that appellant was counselled at the time of the entry of the consent Order and made no objection to any of its provisions. The record also reveals the absence of any fraud or mistake.

In *Sarsfield v. Sarsfield,* 251 Pa.Super. 516. 380 A.2d 899 (1977), this court. in passing upon the validity of consent Orders, quoted with approval a portion of the Opinion of the trial court:

'In view of both counsels' representation to this court that they were proposing a consent order, and, in view of their colloquy with their clients which appears on record, this court accepted and signed their consent order. Thereafter, no objection was made thereto by either counsel or either party to the litigation although there was an opportunity to do so. Thus, the parties should be bound by their agreement and the corresponding reflective consent order signed by this court.'

At 522, 380 A.2d at 901. By the terms of the consent Order in *Sarsfield,* the trial court dismissed certain claims for unproven arrearages and directed the appellant to pay other arrearages and to abide by the terms of the post-nuptial agreement. The *Sarsfield* court then reaffirmed the validity of the consent Order entered by the trial court as follows:

'A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake.'

*Id., quoting Baran v. Baran,* 166 Pa.Super. 532, 537, 72 A.2d 623 (1950). As we noted earlier, appellant was counselled at the time of the entry of the consent Order and voiced no objection to any of its provisions, and the record is devoid of any indicia of fraud or mistake.

As an appellate court, we do not judge the parties' wisdom in choosing mutually agreed upon terms which they seek to incorporate into an enforceable Order of court to terminate an abusive situation. When the Order succeeds in terminating the abuse, the purpose of the Act has been fulfilled. The trial court therefore did not lack subject matter jurisdiction to enforce this provision of the consent Order.

In the event we find the trial court competent to enforce the provision of the consent Order requiring appellant to pay

fifteen hundred dollars ($1,500.00) to appellee, appellant argues, alternatively, that the trial court cannot enforce this provision in any event because appellee, himself, is in violation of the consent Order in that he has continued to harass and annoy appellant. Apparently, appellant filed a Petition for contempt against appellee in this regard. The record indicates that this proceeding is before another member of the trial court and was continued generally pending the final outcome of underlying summary criminal charges before a district justice. Thus, since the matter of appellee's contempt proceeding for allegedly violating the provisions of the consent Order remains unadjudicated, he cannot be said to have violated the terms of the Order. Moreover, the only matter before the trial court was *appellee's* Petition to enforce the consent Order. Additionally, the consent Order does not stipulate that appellant may disregard her obligation to pay the fifteen hundred dollars ($1,500.00) to appellee if he breaches the terms of the Order.

Lastly, appellant argues that in the event the trial court was competent to enforce the consent Order, she should be allowed a set-off of at least nine hundred twenty-two dollars ($922.00) which she allegedly paid for items of furnishings which appellee was required to return to her as part of the consent Order. Paragraph number ten of the consent Order of October 27, 1992, provides in relevant part:

Plaintiff [appellant] is granted leave to present a petition, with appropriate notice to defendant [appellee], to the prevailing Family Division Motions' Judge to request recovery of out-of-pocket losses. The Petition shall include *an exhibit itemizing all claimed out-of-pocket losses, copies of all bills and estimates of repair,* and an order scheduling a hearing before a Family Division arbitration panel at the convenience of the Court.

The record shows that appellant has not complied with the directive of Paragraph number ten of the consent Order. She has failed to present the necessary Petition to the court. Moreover, even absent the required Petition, her testimony at the hearing on appellee's Petition to enforce consisted of bare

410

allegations of losses and estimates therefor without supporting documentation.

Order affirmed.