J. A15032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.A.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| K.D.S, | : | No. 1689 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 21, 2017,
in the Court of Common Pleas of York County
Civil Division at No. 2017-FC-001668-12

BEFORE: PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 03, 2018**

K.D.S. ("Father") appeals ***pro se*** from the September 21, 2017 final

protection from abuse ("PFA") order entered in the Court of Common Pleas of

York County. After careful review, we affirm.

The trial court set forth the following:

> On September 1, 2017, [S.A.M. ("Mother")] filed a
> petition seeking a temporary PFA order on her own
> behalf. Following an ***ex parte*** proceeding, Honorable
> Kathleen J. Prendergast entered a temporary PFA
> order against [Father] which directed [Father] not to
> contact [Mother]. A hearing to determine whether a
> permanent PFA order should be entered was
> scheduled for September 14, 2017. The hearing was
> continued until September 21, 2017.
>
> Upon the time and date of the hearing, Honorable
> Christy H. Fawcett ("trial court") granted petition for
> a PFA order against [Father], without admission,
> pursuant to an agreement between the parties and a
> prior custody order. The PFA order protected [Mother]

and her child, K.S. At the time, [Father] was represented by David C. Dagle, Esquire. Pursuant to the agreement, the trial court directed that [Father] was to have no contact with [Mother], direct or indirect, through third parties, or through social media for a period of one year and six months. Court costs were placed on [Father]. [Father] was evicted from [Mother's] residence[]. [Father] was prohibited from having a firearm.

After approving the parties' agreement, the trial court stated "[Father] is to have no contact, direct or indirect, with [Mother]." The trial court further stated that the child "is also subject to the protection from abuse order . . . consistent with the custody order currently in place."

On October 13, 2017, [Father] filed a notice of appeal. On October 31, 2017, [Father] filed a [court-ordered] concise statement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).]

Trial court opinion, 12/8/17 at 1-2 (unnecessary capitalization and record citations omitted).

At the outset, we note that in its Pa.R.A.P. 1925(a) opinion, the trial court found that Father waived all issues on appeal because his Rule 1925(b) statement is vague and not specific or, alternatively, that the PFA consent order is a valid agreement of the parties. (Trial court opinion, 12/8/17 at 4-7.) We decline to find waiver. We further note that a reading of Father's brief reveals that Father is unhappy with the PFA consent order, as well as counsel who represented him during the PFA proceedings.

We review a lower court's legal conclusions in a PFA action for an error of law or an abuse of discretion. ***Lawrence v. Bordner***, 907 A.2d 1109, 1112

(Pa.Super. 2006). Section 6108(a) of the PFA Act sets forth the general rule regarding available relief and permits a court to grant "any protection order or approve any consent agreement to bring about the cessation of abuse . . . ." 23 Pa.C.S.A. § 6108(a). "A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake." *Lee v. Carney*, 645 A.2d 1363, 1365 (Pa.Super. 1994).

Here, the record reflects that Father orally affirmed his understanding of the PFA consent order at the PFA hearing. (Notes of testimony, 9/21/17 at 6-7). The record further reflects that Father executed the PFA consent order. (Consent order of court, 9/21/17; docket #2.) In his brief, Father expresses his dissatisfaction with the attorney who represented him during the PFA proceedings and sets forth the negative consequences that the PFA consent order have had on his livelihood and his reputation. Additionally, at oral argument, Father asserted that he only agreed to enter into the PFA consent order because counsel said he could see his son, which the order clearly prohibits. We can make no determination as to this assertion because this court is not a court of record, and we are bound by the record in the trial court. Although we sympathize with Father, our role as an appellate court only permits us to review the PFA consent order upon a showing that Father's consent was obtained by fraud or was based upon mutual mistake. *Lee*, 645 A.2d at 1365. As Father has made no such showing and the record

demonstrates that Father freely entered into the PFA consent order, we may not disturb the PFA consent order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018