J-A26036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTIN MARIE SMEDLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOSEPH SMEDLEY | : | |
| | : | |
| Appellant | : | No. 896 EDA 2023 |

Appeal from the Order Entered April 3, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2017-60541

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED APRIL 15, 2024**

Appellant, Michael Smedley ("Husband"), appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, by agreement of parties, regarding alimony and child support payments owed to Appellee, Kristin Smedley ("Wife"). We quash this appeal.

The trial court set forth the relevant facts and procedural history of this case as follows:

> Husband and Wife were married on June 13, 1997, in Bensalem, Pennsylvania. Wife is fifty-two years old, currently resides at 252 Brownsburg Road, Newtown, Pennsylvania 18940 and is employed at the Curing Retina Blindness Foundation for $30,000 per year. Husband is fifty-seven years old, resides at 45 Boxwood Road, Churchville, Pennsylvania 18966, and is employed at Veolia North America, LLC, for approximately $340,000 per year. Husband and Wife had three children during their marriage. Husband and Wife are Pennsylvania residents and were married for nineteen years before separating on October 8, 2016. Wife filed for a divorce on March 24, 2017. On

August 31, 2018, the [c]ourt approved the grounds for divorce and for the parties to proceed with resolving the equitable distribution, alimony, and counsel fees issues.

\* \* \*

On June 18, 2019, the [c]ourt entered a Divorce Decree and Order describing the equitable distribution and alimony while denying and dismissing the claim for an award of counsel fees, costs, and expenses. Amongst the assets distributed by that Order and decree was the marital residence at 35 Sienna Circle, which was distributed to Wife, subject to an underlying mortgage. The Order and Decree also provided that Husband was to pay Wife $2,955 in alimony per month through December 2022. A child support Order was also in place.

On August 6, 2020, through the [c]ourt's Domestic Relations Section, Judge Yeager entered an Order modifying Husband's amount in child support based on Husband's January 2020 and February 2020 bonuses.

\* \* \*

On October 21, 2022, the parties conferred at their joint Support and Master's Conference to update their alimony and child support obligations. Following the Conference, two orders were signed on the same day through two different divisions, respectively. First, through our Domestic Relations Section, Judge Yeager entered an order modifying Husband's amount due in child support based on a recent determination of the parties' net incomes. Second, through our Family Court, Judge McMaster, undersigned, signed an order acknowledging the parties' mutual agreement, closing and removing the alimony portion, and acknowledging that Husband paid Wife $3,971.32, or two months of alimony minus the current overpayment of $1,508.68.

(Trial Court Opinion, filed 5/24/23, at 2-4).

On October 31, 2022, Husband filed a petition to modify and terminate the October 21, 2022 order, alleging that Wife did not disclose income

received after the sale of the marital residence in 2021. On January 23, 2023, following a two-day hearing, the trial court denied Husband relief, finding that Wife was not obligated to report the sale of the property because she incurred a loss instead of a gain. Husband appealed that order with this Court at dockets No. 312 EDA 2023 (regarding alimony) and No. 328 EDA 2023 (regarding child support).

On March 26, 2023, Husband filed a motion for the trial court to have the October 21, 2022 order docketed because it had not been recorded on the docket, and the court did so on April 3, 2023. The next day, Husband filed the instant notice of appeal. Husband subsequently filed a concise statement of errors complained of on appeal on April 17, 2023.

On April 20, 2023, this Court entered a rule to show cause concerning whether the trial court had jurisdiction to enter the October 21, 2022 order in light of Husband's pending appeals in this Court. The rule to show cause also concerned whether the order was appealable where the court entered the order by mutual agreement of the parties.

Husband filed a response to the rule to show cause on April 24, 2023. In his response, Husband first argued that the trial court had a duty to enter the October 21, 2022 order on the docket and insisted that his current appeal was timely filed within 30 days of the day the order was docketed. Husband further argued that the court's docketing of the order was an administrative function, such that the pending appeals did not create a jurisdictional

impediment. (Response to Rule to Show Cause, filed 4/24/23, at 1-2).

Second, Husband argued that his mutual agreement to the October 21, 2022 order was flawed because he entered into the agreement without knowledge that Wife had sold her residence. Husband claimed that after he learned of the sale, he immediately filed a petition to modify which sought retroactive modification of support. Husband insisted that the mutual agreement was a contract that he entered into without full disclosure, rendering the agreed-upon order unenforceable. (*Id.* at 2-3).

As a preliminary matter, we observe that "[t]he question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Beltran v. Piersody*, 748 A.2d 715, 717 (Pa.Super. 2000) (quoting *Pace v. Thomas Jefferson Univ. Hosp.*, 717 A.2d 539, 540 (Pa.Super. 1998)). Generally, after an appeal is taken, the trial court may no longer proceed further in the matter. *See* Pa.R.A.P. 1701(a). Nevertheless, the trial court may, *inter alia*, "[t]ake such action as may be necessary to preserve the *status quo* [and] correct formal errors in papers relating to the matter." Pa.R.A.P. 1701(b).

Instantly, the trial court failed to formally docket the October 21, 2022 order. After Husband petitioned it to do so, the court docketed the order on April 3, 2023. (*See* Order 4/3/23). In docketing the order, the court simply corrected its earlier oversight; it did not enter a new order or take any other action that would affect the proceedings. Thus, we agree with Husband that

the trial court had authority to docket the October 21, 2022 order on April 3, 2023, notwithstanding the pending appeals. *See id.*

Nevertheless, we observe that "[a] decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake." *Sarsfield v. Sarsfield*, 380 A.2d 899, 901 (Pa.Super. 1977) (citation omitted). However, the proper avenue for such challenge is not an appeal; rather, "[a]ny move to modify or abrogate the consent order must be initiated in the court below." *Id.* (citing Pa.R.A.P. 302(a)).

Here, the October 21, 2022 order stated the following:

> And now, this 21st day of October, 2022 after joint Support/Master's conference, and upon the mutual agreement of the parties, a modified ORDER is hereby entered as follows:
>
> 1) Effective 10/21/22, the Alimony portion of this Order is to be removed and the Alimony arrears overpayment shall be set to zero.
>
> 2) [Husband] has paid [Wife] directly the sum of $3,971.32, representing two months of Alimony minus the current overpayment of $1,508.68.
>
> 3) The Alimony portion of this case is closed.

(Order, 10/21/22). The trial court explained that the order "was entered on mutual agreement between the parties at the conclusion of the October 21, 2022, joint Support and Master's Conference." (Trial Court Opinion at 9).

Upon review, we conclude that this appeal is not the appropriate vehicle to raise Appellant's complaints. Although Husband purports to claim "fraud"

based on Wife's alleged misrepresentation of her income, the proper avenue for relief would be to petition the trial court to modify the order, not appeal to this Court. **See Sarsfield, supra**. Indeed, Husband already did petition the court to modify the support order, and the denial of that petition is the subject of Husband's earlier appeals. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/15/2024