Plains Township School District Appeal.
Warrior Run Borough School District Appeal.

Argued November 13, 1969.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY,
JJ.

*Howard A. Berman*, with him *Joseph C. Giebus*, for
appellants.

*Robert F. Seaker*, Assistant Attorney General, with
him *Patrick H. Washington*, Deputy Attorney General,
and *William C. Sennett*, Attorney General, for State
Board of Education, appellees.

OPINION PER CURIAM, May 4, 1970:

We have before us petitions for allowance of appeal
under Supreme Court Rule 68½ in these cases.   The
petitions were held for disposition following argument
on the appeals, which were consolidated for argument
because they both arose out of the same school reor-
ganization plan and present identical issues.   Argu-
ment was had November 13, 1969.

The challenged plan of school administrative units
was developed by the Luzerne County Board of School
Directors pursuant to the Act of July 8, 1968, P. L.

, 24 P.S. §§2400.1 et seq. (Act 150), supplementing the Public School Code of 1949, Act of March 10, 1949, P. L. 30, 24 P.S. §§1-101 et seq. The State Board of Education approved the plan and the Court of Common Pleas of Luzerne County entered orders affirming the adjudications of the State Board. Section 5 of Act 150 provides that such orders shall be final.

Section 9, Article V, of the Commonwealth Constitution, as amended in 1968, provides that, "there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law." This section was implemented in part by the Act of December 2, 1968, P. L. , 12 P.S. §1111.1.[1] Section 1 of that Act provides that, "[e]xcept as provided in Section 2 [excepting orders already appealable by statute] there shall be a right of appeal under this act from a final order, decision, judgment, or sentence of a court of record to an appellate court as provided by Section 9 of Article V of the Constitution. *The aforesaid appeal shall be taken to the Superior Court unless otherwise provided by statute. . . ."* (Emphasis supplied) No statute provides for an appeal from an order of the court of common pleas entered under Act 150 of 1968, supplementing the Public School Code and, as noted above, that Act purports to make such orders "final." Accordingly, if petitioners have a right of appeal from that order, jurisdiction over the appeal would rest with the Superior Court.[2]

---

[1] Other implementing legislation adopted on the same date, but not directly involved here, are Acts Nos. 353, 354 and 355 of 1968.

[2] We here express no opinion as to whether or not Section 9, Article V, of the Constitution confers any right of appeal from the order below to an appellate court in the situation presented by this case since that question is not properly before us.

There has been understandable confusion over the effect of Section 9, Article V, of the Constitution and its implementing statutes; moreover, Act No. 351 of 1968 has only very recently been printed in the 1970 Supplement to Purdon's Pennsylvania Statutes, Annotated. It is possible, therefore, that petitioners in these cases have inadvertently allowed to elapse the thirty-day period following the entry of the order of the lower court within which an appeal under Act No. 351 of 1968 must be filed. Accordingly, we will allow petitioners an additional thirty-day period from the date of this opinion within which to file an appeal to the Superior Court.

The petitions for allowance of appeal under Rule 68½ are denied and petitioners are granted leave to file an appeal in the Superior Court within thirty days from the date of this opinion.