Smethport Area School District *v.* Bowers,
Appellant.

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James K. Angell,* and *Angell and Angell,* for appellant.

*Ralph N. DeCamp,* for appellee.

OPINION BY MR. JUSTICE POMEROY, October 9, 1970:

The Board of School Directors of the Smethport (McKean County) Area School District (the "Board"), after a hearing, discharged Harry L. Bowers, Jr. (the appellant) from his position as District Superintendent on February 10, 1969. Appeal from the action of the Board was taken in the Court of Common Pleas of McKean County. Jurisdiction was asserted under the Local Agency Law (Act of December 2, 1968, P. L. , 53 P.S. §11301),[1] but the appeal was dismissed for lack of jurisdiction over the subject matter. The court held that the Board was not a "local agency" within the scope of the Local Agency Law.

The Court of Common Pleas of McKean County indicated its view that Bowers' appeal should properly have been taken to the Court of Common Pleas of Dauphin County under the terms of the review provisions of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §§1710.41-1710.47. It entered its opinion and order promptly so that, as it stated, appellant would have opportunity to take a timely appeal in Dauphin County, or seek direct review by our Court.

An appeal was then taken by the appellant in the Court of Common Pleas of Dauphin County; that appeal was also dismissed for lack of jurisdiction—the School Board being viewed-as outside the scope of the Administrative Agency Law. The court held that the

---

[1] This act, like others of the same date, implements Article V, Section 9 of the Constitution of Pennsylvania (see *infra*).

School Board was neither an "agency . . . having State-wide jurisdiction" nor an agency specifically enumerated in the Act. Direct appeals were then taken to this Court from both the judgments below[2] denying jurisdiction.

The question presented by these appeals is which of the two courts below, if either, had jurisdiction to entertain Bowers' complaint that his dismissal by the Smethport Area School Board was unjustified and improper. A preliminary question, however, is whether each of the appeals from the lower courts is properly before this Court. A brief statement of the statutes involved in the appeals will be helpful as background to our determination.

Appellant's dismissal by the Board was purportedly under authority of Sections 514[3] and 1080[4] of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 P.S. §5-514 and 24 P.S. §10-1080; no specific

---

[2] No application for consolidation of these appeals was made under our Rule 37, or otherwise, and in point of fact neither the same order nor the same question is involved in them. Nevertheless, because of the similarity of the questions involved, deriving as they do from the same factual background and because both appeals involve the same parties, we are considering them together.

[3] Section 514 provides that a district board of school directors shall have the right, "after due notice, giving the reasons therefor [incompetency, intemperance, neglect of duty, violation of any of the school laws, or other improper conduct], and after a hearing if demanded," to remove any of its officers, employees, or appointees.

[4] Section 1080 provides that a district superintendent may be removed from office after a hearing by the board of school directors of the district by majority vote of the directors for reasons of neglect of duty, incompetence, intemperance or immorality. The same reasons are the grounds under §1122 of the Code for termination of a professional employee's contract. See *Brownsville Area School District v. Alberts*, 436 Pa. 429, 260 A. 2d 765 (1970), and *Pease v. Millcreek Twp. School District*, 412 Pa. 378, 195 A. 2d 104 (1963).

right of appeal from dismissals under these sections is provided for in the School Code itself.[5]

The new Judiciary Article of the Constitution of Pennsylvania, adopted in 1968, effective January 1, 1969, provides in Section 9 thereof that there shall be a right of appeal "from an administrative agency to a court of record or to an appellate court."[6] This introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decisions. This section was not, of course, self-executing, and on December 2, 1968 the General Assembly adopted four statutes designed to implement it. They were Acts Nos. 351, 353, 354, and 355. Act No. 351 provides for a right of appeal in all cases not otherwise provided for from a lower court of record to an appellate court.[7] Act No. 355 is entitled "Minor Judiciary Court Appeals Act", and provides for a right of appeal in all cases from decisions of the minor judiciary. Acts Nos. 353 and 354 provide a right of appeal from administrative agencies, and are the ones we are here concerned with. Act No. 354 is an amendment to the Administrative Agency Law, Act

---

[5] Professional employees, on the other hand, are specifically afforded the right of judicial review by §§1131 and 1132 of the School Code.

[6] The full text of Section 9 is as follows: "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

[7] See the recent opinion of this Court in *Plains Township School District Appeal*, 438 Pa. 294, 265 A. 2d 358 (1970).

of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq., and provides for appeals from "agencies of the Commonwealth" as defined by that law. Act No. 353 is entitled "Local Agency Law" and is altogether new. As stated in the title to the Act, it implements Section 9 of Article V of the Constitution "by providing for a right of appeal in all cases from adjudications of administrative agencies of political subdivisions; and providing for the practice and procedure before said agencies." It specifically does not apply to an "agency" as defined in the Administrative Agency Law.

The question underlying the problem of the jurisdiction of the courts below is thus whether the board of directors of a school district, here the Smethport Area School District, is a "local agency" within the meaning of Act No. 353 or an "agency" within the meaning of the Administrative Agency Law, as amended by Act No. 354, or neither one of these types of organizations. Although, as it happens, the parties are not in disagreement as to the answer,[8] this consensus of views does not settle the matter. The court below did not agree with the parties, and of course it is not possible by stipulation to vest subject matter jurisdiction in a court which does not have it otherwise. *Pozzuolo Estate*, 433 Pa. 185, 193, 249 A. 2d 540 (1969); *Bluestone v. DeRoy*, 298 Pa. 267, 271, 148 Atl. 110 (1929). Hence the necessity of an appellate determination. Preliminarily, however, as indicated above, we are confronted with a question of the appellate court jurisdiction to decide the question of common pleas court jurisdiction. Appellee Board argues that such appellate jurisdiction is in the Superior Court and that

---

[8] Appellant asserts, and the Board agrees, that the School District is a "local agency" under Act No. 353 and that the McKean County Court had jurisdiction of appellant's appeal from the "adjudication" of the Board; the lower court held otherwise.

the appeals to this Court were mistaken. It contends, furthermore, that they were untimely. We have concluded that the Board is correct on both counts, but that we should remit the appeals to the Superior Court, and not quash. We consider first the question of appellate jurisdiction.

## 1. The Question of Appellate Jurisdiction

The Local Agency Law, Section 9 of which is reproduced in the margin,[9] does not itself indicate to which appellate court an appeal lies, but refers to the Act of June 24, 1895, P. L. 212, as amended, 17 P.S. §181. This statute, until the recent enactment of the Appellate Court Jurisdiction Act of 1970,[10] was the principal statute delineating the respective jurisdictions of the Superior Court and the Supreme Court. As extensively amended in 1963 (Act of August 14, 1963, P. L. 819, §1), it provided that the Superior Court should have exclusive appellate jurisdiction in, *inter alia,* "[a]ll actions arising from proceedings and orders of any commission or administrative agency, except as otherwise provided by statute." 17 P.S. §184.1 (Supp. 1970). The Administrative Agency Law, §45, similarly provides for appeal to the Superior Court, except as limited by §46, by an agency or by any party affected by any decision of a court on an appeal from an adjudication. 71 P.S. §§1710.45 and 1710.46. Thus

---

[9] "Sec. 9. Appellate review. The local agency, or any party affected by any decision of a court on an appeal from an adjudication, may, within thirty days of the filing of such decision, appeal to the Superior *or Supreme* Court as provided in the Act of June 24, 1895 (P. L. 212), . . . and its amendments." (Emphasis ours; these words were inadvertently omitted from the quotation of this section as contained in appellee's brief.)

[10] Act No. 223 of 1970, approved July 31, 1970, effective September 11, 1970.

whether the Board is a local agency under Act No. 353, an administrative agency under Act No. 354, or an agency of a different stripe not embraced by either Act, appeal should be to the Superior Court unless there is a statutory direction to the contrary. To this possibility we now turn.

Under Section 2 of the 1963 Act amending the Act of 1895, 17 P.S. §191.4 (Supp. 1970), appeals in certain classes of cases are to be taken directly to this Court, and "the Superior Court shall have no jurisdiction thereof." Among these classes of cases is "The right to public office."[11] The question is thus presented whether a district superintendent of a school district, such as appellant, is the holder of a "public office", and whether his present complaint involves his "right" to such office.

This Court has not heretofore considered the quoted phrase, and the parties have not addressed themselves to it. While the point is not free of difficulty, we are satisfied that the present case does not come within the ambit of "right to public office". It is unnecessary and would be unwise to try to indicate in this opinion the complete content of the clause. The "right" to office undoubtedly includes questions of qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of a particular public office. We think "right" should not normally include an appraisal of the sufficiency of or ruling upon evidence or other allegedly irregular aspects of the proceedings before a hearing tribunal resulting in an office holder's discharge from his position. The appeal from the Board's action in this case alleged these kinds of errors, together with other charges of

[11] The exclusive jurisdiction of the Supreme Court in this class of case is preserved by the Appellate Court Jurisdiction Act, Sec. 202(2).

denial of procedural due process.[12] "Public office", in turn, we take to mean an elective or appointive position in which the incumbent is exercising a governmental function which involves a measure of policy making and which is of general public importance. We recognize, of course, that public education is an important function of government, and that a district superintendency is an important office within the educational structure.[13] We think, however, that in the context of the jurisdictional statute the emphasis should be on the governmental aspect of public office in the popular sense of the term governmental; this, in our opinion, does not include education.[14]

---

[12] One of the purposes of the Local Agency Law and of the Administrative Agency Law, as amended, is to provide for procedural due process and to provide for appeals from an adjudication which is thought not to have complied with due process requirements. As stated above, such appeals are directed to the Superior Court.

[13] The provisions of the Public School Code which pertain to district superintendents are at 24 P.S. §§10-1071 et seq.

[14] We are aware that in cases construing the tenure provisions of the Public School Code we have recognized that a district superintendent is a public officer, whom school directors shall "elect" as distinguished from "employ", *Teachers' Tenure Act Cases (Storm v. School District of Borough of Moscow)*, 329 Pa. 213, 239, 197 Atl. 344 (1938), and also that an associate superintendent is a public officer, *Smith v. Darby School District*, 388 Pa. 301, 319, n.10, 130 A. 2d 661 (1957). It does not follow that a person who is a "public officer" in this sense is necessarily the holder of a "public office" in the sense used in a statute defining appellate jurisdiction.

There are a number of other officials who are called "public officer" in the constitutional sense. We of course do not mean by this opinion to indicate that any of these persons either would or would not be considered the holder of a "public office" in the sense of the jurisdictional statute. See, e.g., *Snyderwine v. Craley*, 434 Pa. 349, 353, 254 A. 2d 16 (1969); *Vega v. Burgettstown Borough*, 394 Pa. 406, 411, 147 A. 2d 620 (1958); *Commonwealth ex rel. Foreman v. Hampson*, 393 Pa. 467, 473, 143 A. 2d 369 (1958); *Richie v. Philadelphia*, 225 Pa. 511, 74 Atl. 430 (1909); *Alworth v. County of Lackawanna*, 85 Pa. Superior Ct. 349, 352 (1925).

We therefore conclude that our Court does not have jurisdiction of these appeals, and that they must be remitted to the Superior Court unless quashed.

## 2. The Question of Timeliness of the Appeals

With respect to the time within which appeals to an appellate court must be taken from lower court decisions reviewing adjudications of local agencies, Section 9 of Act No. 353, the Local Agency Law, clearly provides for 30 days. This period pertains to appeals to this Court as well as the Superior Court, and is by way of an exception to the normal three month period provided by the Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136. The Administrative Agency Law has a comparable thirty day appeal period from a lower court decision on appeal from an administrative agency adjudication. 71 P.S. §1710.45. The appeals from both McKean County and Dauphin County were taken after the expiration of the respective 30 day periods, but within three months in each case. Since neither court below entertained the appeal to it from the action of the Board, but rather dismissed it for lack of subject matter jurisdiction, it is arguable that these appeals are under the Act of 1897, *supra*, in which event they were timely brought. We think this reasoning is unsound, however, and that the 30 day period of both agency statutes applied. The appeals are thus untimely if brought pursuant to either Act No. 353 or Act No. 354.[15]

---

[15] If, however, the Board should be held to be under neither of these Acts, the appeal would then be pursuant to §7, clause 1 of the Act of 1963, supra (17 P.S. §184.1), and in such case the three month period of the Act of 1897 would be applicable, and the appeal timely.

Normally this Court quashes an untimely appeal. In this case, however, we find overriding and unique considerations which convince us that we should not quash. As what has been said above makes clear, the essential issue both at the lower court level and on appeal was whether the Bowers' complaint was within the purview of the Local Agency Law or of the Administrative Agency Law, or neither of them. The McKean County Court held that the Local Agency Law did not apply and appellant followed that court's suggestion to seek relief in the Dauphin County Court, a procedure which was not completed until 67 days after the McKean County Court dismissal. As stated above, both appeals would have been timely had the Act of 1897, *supra,* been applicable, and, as indicated in footnote 15, it is not certain that that Act might not yet apply. Moreover, the appeals are not from a decision on the merits of Bowers' dismissal, but are simply preliminary to getting a decision on the merits. Finally, as we have had recent occasion to point out, there has been understandable uncertainty in the profession as to the interrelationship of the several acts which implement Section 9, Article V of the new Constitution and the relationship of those acts to the pre-existing statutes regulating appellate review. In several similar situations which have recently been before us under Act No. 351 of 1968, we have granted extensions of the 30 day appeal period to the Superior Court where petitions for allowance of appeal were erroneously filed with this Court. See *Plains Township School District Appeal,* 438 Pa. 294, 265 A. 2d 358 (1970).

While appellee's brief argues the timeliness question, no motion to quash was filed, and under the special circumstances of this case and with no intention of establishing a precedent, we will not quash *sua sponte.*

The appeals are remitted to the Superior Court as though timely filed. Act of June 24, 1895, P. L. 212, §9, 17 P.S. §194.

Mr. Chief Justice BELL and Mr. Justice ROBERTS concur in the result.