## Philadelphia v. Rohm & Haas Company, Inc.

Argued February 9, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Louis C. Johanson,* with him *Henry Thomas Dolan* and *Fein, Criden, Johanson, Dolan & Morrissey,* for petitioner.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for City of Philadelphia.

### ORDER

AND NOW, this 19th day of April, 1972, it appearing to the Court that there was a transposition error in the Supplemental Opinion and Order of this Court dated April 7, 1972, in the above-noted matter, it is hereby ordered that the Order of this Court dated April 7, 1972, is hereby vacated, and the Supplemental Opinion is amended to read as shown on the Supplemental Opinion attached hereto, and the Order is amended to read:

Based upon the discussion in the Supplemental Opinion, the Opinion of March 13, 1972 is affirmed as

entered; however, it is hereby ordered that Rohm & Haas Company, Inc. is granted leave to file an appeal in the Court of Common Pleas of Philadelphia County under the Philadelphia Municipal Court Act, Act of October 17, 1969, P. L. 259, 17 P.S. §711.1 *et seq.*, within thirty (30) days from the date hereof.

SUPPLEMENTAL OPINION AND ORDER, April 19, 1972:

On March 13, 1972, this Court rendered an Opinion wherein we reversed the Court of Common Pleas of Philadelphia County and quashed the appeal of Rohm & Haas Company, Inc. (Rohm & Haas). In essence we held that Rohm & Haas had chosen the wrong statute (The Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L. , No. 355, 42 P.S. §3001, *et seq.*) under which to file its appeal from a fine plus costs imposed by a Judge of the Philadelphia Municipal Court. We stated the proper statute was The Philadelphia Municipal Court Act, Act of October 17, 1969, P. L. 259, 17 P.S. §711.1 *et seq.*

On March 22, 1972, Rohm & Haas filed with this Court a *Petition To Modify Order* in which it requested this Court to modify its ruling so as to permit Rohm & Haas to file, nunc pro tunc, an appeal under the proper statute.

The City of Philadelphia (City) on March 28, 1972, filed an *Answer* to the Petition in which it asked us to dismiss the Petition for the reason that there was no showing of "fraud or its equivalent."

We have reviewed these pleadings and are disposed to grant a portion of the prayer of the Petition. We have no power to stay the proceedings in the court below for there is nothing before us which would require such a stay.

The City is correct in its position that we cannot allow the filing of an appeal nunc pro tunc, unless

there is a showing of fraud or its equivalent. *See Riley's Grille Liquor License Case,* 213 Pa. Superior Ct. 46, 245 A. 2d 725 (1968). In *Yeager v. United Nat. Gas Co.,* 197 Pa. Superior Ct. 25, 28, 176 A. 2d 455, 456 (1961), the court states that "[s]omething more than mere hardship is necessary to justify an extension of time."

We have reexamined this entire record and conclude that it would work an injustice to Rohm & Haas to foreclose an avenue of appeal under the proper statute. The two statutes are relatively new, and as we stated in our original Opinion, it was understandable how Rohm & Haas was misled by the wording of the statute. There was no precedent to guide counsel until our Opinion was filed. We also are influenced by the fact that under either of the statutes involved, the appeal is to be filed in the same common pleas court.

We also note that there is precedent to allow an appeal nunc pro tunc under similar unusual circumstances in the cases of *Appeal of Plains Township School District,* 438 Pa. 294, 265 A. 2d 358 (1970) ; *In Re Manufacturer's Light and Heat Company,* 428 Pa. 270, 236 A. 2d 796 (1968) ; and *Bowers v. Smethport Area School District,* 440 Pa. 310, 269 A. 2d 712 (1970).

In view of the additional fact that the City in its *Answer* states that the violations charged are of a continuing nature, there is practical reason to permit the merits of the case to be finally determined.

Without any intent to establish a precedent in allowing the appeal to be filed nunc pro tunc, and because of the peculiar circumstances presented by this case, we have entered the Order dated April 19, 1972.