625 A.2d 610

Thomas C. EGAN III, Appellee,

v.

Mario MELE, Joseph M. Hoeffel, III and Jon D. Fox in their individual capacities as Montgomery County Commissioners, and collectively as the Montgomery County Commissioners, Appellees,

Appeal of Ian BERG, By and Through his parent and natural guardian, Philip J. BERG, Appellant.

Ian BERG, By and Through his parent and natural guardian, Philip J. BERG, Appellant,

v.

MONTGOMERY COUNTY BOARD OF ELECTIONS, Appellee.

Supreme Court of Pennsylvania.

Submitted April 30, 1993.

Decided May 7, 1993.

Philip J. Berg, Lafayette Hill, for appellant.

Edward T. Bresnan, Ambler, Arthur R. Shuman, Philadelphia, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *ORDER*

PER CURIAM.

AND NOW, this 7th day of May, 1993, the Orders of the Court of Common Pleas of Montgomery County, Nos. 93–05398 and 93–06115, striking Appellant Berg's nominating petitions for the Office of District Justice in Magisterial District 38–1–23 and dismissing Appellant's Complaint in Mandamus are hereby REVERSED. The Montgomery County Board of Elections is hereby directed to place the name of Ian Berg on the Democratic and Republican ballots for the position of District Justice in Magisterial District 38–1–23 for the May 18, 1993 primary in the same ballot positions pursuant to the original drawing for ballot positions. Further, it is hereby ordered that new absentee ballots be issued with Appellant Berg's name in the same place as on the regular ballots pursuant to the original drawing and that all existing absentee ballots be invalidated.

Opinions to follow.

MONTEMURO, J., did not participate in the decision of this matter.

ZAPPALA, J., files a concurring statement in which NIX, C.J., and FLAHERTY and CAPPY, JJ., join.

PAPADAKOS, J., files a dissenting statement.

ZAPPALA, Justice, concurring.

I join in the per curiam order but write separately to note that this order is not dispositive of the substantive issue of whether Master Ian Berg is qualified to hold the Office of District Justice. "[T]he judicial remedy of quo warranto is

available to test an individual's right to hold a public office."
*In re Jones,* 505 Pa. 50, 476 A.2d 1287 (1984). Additionally,
the Supreme Court has general supervisory and administra-
tive authority over all the courts and district justices. Pa.
Const., Art. 5, § 10(a).

NIX, C.J., and FLAHERTY and CAPPY, JJ., join in this
concurring statement.

PAPADAKOS, Justice, dissenting.

Because I view this action as frivolous and a complete waste
of judicial resources, as well as a burden on the electoral
process, I vigorously dissent.

My colleagues, in permitting juveniles *of any age* to run for
a minor judicial office, and then suggesting that juveniles do
not have the qualifications to serve, once elected, is inane.

My colleagues believe that, since the Constitution of Penn-
sylvania and the Election Code do not expressly restrict
candidacy to age limits, a juvenile of any age may be a
candidate. It seems to me that my colleagues have thrown all
reason *to the winds. If you can't serve, you can't run.* It is
as simple as that to me!

By not setting an age limitation, the legislature has in fact
permitted persons of any age to run for the office. I find this
to be unreasonable and capricious in that:

> an age qualification must be such as to so limit the elector-
> ate's field of choice in that respect as either, altogether to
> prevent the filling of the office, or to establish a basis of
> classification as to age which bears no rational relationship
> to the functions and requirements of the office to be filled.
> For example, an age limit which is so extreme in either
> direction as to render the office available only to juvenile
> ineptitude or senile incompetence would be manifestly arbi-
> trary and capricious.... The functions of a judicial officer
> such as a magistrate, which demand, for their acceptable
> discharge, the exercise of powers of intellect, judgment and
> sagacity which are ripened by time and developed by expe-
> rience, manifestly justify the establishment of an age qualifi-

cation for the office.... This question is left by law to the wisdom of the Legislature. Within the limits of reason its judgment is final, ...

*Commonwealth ex rel. Kelley, District Attorney, v. Keiser*, 340 Pa. 59, 16 A.2d 307 (1940).

When the action or inaction of the legislature creates an absurd result, such as permitting juveniles from date of birth to clutter up the election ballot with their candidacies, it is time for this court to act.

Although time restraints have prevented me from doing an exhaustive search of the authorities, I have discovered that there appears to be a universal rule that a person under the age of adulthood cannot hold the office of district justice. 47 Am.Jur.2d, § 6. I believe that Pennsylvania is still part of the universe.

For the foregoing reasons, I dissent and would affirm the lower court.