634 A.2d 1074

Thomas C. EGAN, III,

v.

Mario MELE, Joseph M. Hoeffel, III and Jon D. Fox in their individual capacities as Montgomery County Commissioners, and collectively as the Montgomery County Commissioners.

Appeal of Ian BERG, by and through his parent and natural guardian, Philip J. BERG, Appellant.

Ian BERG, by and through his parent and natural guardian, Philip J. BERG, Appellant,

v.

MONTGOMERY COUNTY BOARD OF ELECTIONS, Appellee.

Supreme Court of Pennsylvania.

Submitted April 30, 1993.

Decided Nov. 8, 1993.

Philip J. Berg, Lafayette Hill, for appellant.

Edward T. Bresnan, Ambler, Arthur R. Shuman, Wyndmoor, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

*OPINION OF THE COURT*

CAPPY, Justice.

This opinion is filed in support of our Per Curiam Order dated May 7, 1993, 533 Pa. 347, 625 A.2d 610, reversing the Orders of the Court of Common Pleas of Montgomery County striking Appellant Ian Berg's nominating petitions for the office of District Justice in Magisterial District 38–1–23 and dismissing Appellant's Complaint in Mandamus. The Per Curiam Order further directed Appellee Montgomery County Board of Elections to place the name of Appellant Ian Berg on the Democratic and Republican ballots for the office of District Justice in Magisterial District 38–1–23 for the May 18, 1993 primary election.

At issue in this appeal is the validity of Appellant's nominating petitions where the Appellant-candidate is a minor. The record establishes that Appellant's date of birth was May 17, 1976. Thus, he would turn seventeen one day before the May

18, 1993 primary and, if elected, would turn eighteen approximately four months after being sworn into office.

Appellant filed both Democratic and Republican nominating petitions with the Montgomery County Board of Elections on March 9, 1993. On March 16, 1993, Appellee Thomas C. Egan III filed in the Court of Common Pleas of Montgomery County a Petition to Strike the nomination petitions pursuant to Section 977 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937. The Petition to Strike alleged that Appellant was "incapable of performing" the duties of the office of district justice due to his age, that he was ineligible for the office, and that he therefore had filed a false candidate's affidavit representing that he was eligible for the office.[1] On March 18, 1993, the Court of Common Pleas held a hearing on Egan's Petition to Strike.

On March 19, 1993, acting pursuant to Section 976 of the Code, 25 P.S. § 2936, the Board of Elections notified Appellant by letter that it was rejecting his nomination petitions because Appellant was not a member of a major political party nor a qualified elector, and because neither the Democratic nor the Republican party had chosen Appellant as its candidate.

By order dated March 19, 1993, the trial court granted Egan's Petition to Strike and affirmed the Board's rejection of Appellant's nominating petitions. Appellant then filed in that court a Complaint in Mandamus seeking to compel the Board of Elections to place his name on the Democratic and Republican ballots. On March 26, 1993, the Court of Common Pleas dismissed the Complaint in Mandamus.

On appeal, the Commonwealth Court affirmed both the striking of the nominating petitions and the dismissal of the Complaint in Mandamus, "upon the opinion of the Honorable Bernard A. Moore for the trial court." (Order of Commonwealth Court, No. 689 C.D.1993 and No. 737 C.D.1993, April 2, 1993.) By Orders dated April 21 and 22, 1993, this Court

---

1. As required by 25 P.S. § 2870 ("Affidavits of candidates"), Appellant had filed an affidavit stating, *inter alia,* that he was eligible for the office to which he consented to be a candidate. *See* 25 P.S. § 2870(d).

accepted the appeal pursuant to 42 Pa.C.S. § 722 and Chapter Nine of the Pennsylvania Rules of Appellate Procedure, vacated the order of the Commonwealth Court,[2] and stayed the orders of the Court of Common Pleas.[3]

In its opinion in support of the order striking the nomination petitions, the trial court held that Appellant was not eligible to hold the office of district justice because he was a minor. The court stated that no legal authority provided that a minor could serve in the judiciary and that a minor is not legally competent to act in a judicial capacity. It also noted that minors are subject to several legal disabilities, such as the inability to be a party to a legal proceeding. *See* Pa.R.C.P. 2026 *et seq.* The court found that a minor would not be able to fulfill the duties of a district justice because testimony at the hearing had established that the position was a full-time job, and the statutes and rules governing district justices require that a district justice give priority to his office. *See* 42 Pa.C.S. § 3302; Rule 3, Rules Governing Standards of Conduct of District Justices. The court stated that Appellant's attempting to serve as district justice would violate the child labor laws [4] and possibly truancy laws. The court cited no authority for many of its conclusions.

■ Appellant appeals the trial court's decision primarily on the basis that the nominating petitions were struck in violation of Sections 976 and 977 of the Election Code, 25 P.S. §§ 2936 and 2937.[5] Section 976 governs the election board's

2. We vacated the Order of the Commonwealth Court because this Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas involving the right to public office. 42 Pa.C.S. § 722(2).

3. Appellant subsequently filed a Petition for Clarification of our April 21 and 22, 1993 orders. The filing of our May 7, 1993 Order has rendered that petition moot.

4. Although the court cited no authority for this point, the Appellees have pointed out that a minor under eighteen years of age who is enrolled in regular day school is prohibited from working more than six consecutive days in one week or twenty-eight hours during one school week. *See* 43 P.S. § 46.

5. Because of our disposition of the appeal, we need not address Appellant's additional arguments regarding procedural defects in the challenges to his nominating petitions.

examination and rejection of nomination papers and states, in pertinent part:

> No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; . . . [6]
>
> Upon completion of any examination, if any nomination petition, certificate or paper is found to be defective, it shall forthwith be rejected and returned to the candidate . . ., together with a statement of the reasons for such rejection[.]

25 P.S. § 2936. Section 977, which governs objections to nomination petitions and papers, incorporates the above-quoted grounds for finding a nomination petition or other nominating paper defective. *See* 25 P.S. § 2937. Appellant points out that there is no explicit provision in the Pennsylvania Constitution, the Election Code, or elsewhere in the law that prohibits a minor from running for district justice. Therefore, argues Appellant, there is no defect apparent on the face of the nominating petitions or the accompanying affidavits. Appellant contends that, where no such defect appears, the Election Code does not permit the courts to strike a nominating petition by making an *a priori* determination of the candidate's qualification to hold the office sought.

We agree. Appellees have cited, and we have found, no provision in the Constitution, statutes, or court rules that explicitly prohibits a minor from running for or holding the office of district justice.[7] Thus, to find Appellant ineligible to run for or hold the office of district justice would require a

---

**6.** The additional grounds set forth in § 2936 for rejecting nominating petitions are not at issue in this case.

**7.** Because there is no explicit prohibition against Appellant's running for or holding the office sought, this is not a case where the candidate has filed a false affidavit. "Our law requires a deliberate misrepresentation to constitute false swearing in a candidate's affidavit." *In re Jones*, 505 Pa. 50, 66 n. 16, 476 A.2d 1287, 1295 n. 16 (1984) (citing *Commonwealth, State Ethics Commission v. Baldwin*, 498 Pa. 255, 445 A.2d 1208 (1982)).

court to look beyond both the nominating papers and the laws concerning elections and qualifications for public office—which is precisely what the trial court did in the case *sub judice.* Such an exercise is not permitted by the Election Code.

In *In re Jones,* 505 Pa. 50, 476 A.2d 1287 (1984), a plurality of this Court [8] stated that a court may not make a determination of a candidate's qualification for office in considering the validity of a nominating petition. In that case, an objection was filed to a primary candidate's nomination petition for the state Senate based upon the fact that she would not be eligible to hold the office under Article 2, section 5 of the Pennsylvania Constitution.[9] The Court found that the issue of the candidate's qualification to hold the office sought was nonjusticiable. The Court relied in part upon the principle of the separation of powers, and particularly upon Article 2, section 9 of the Constitution, which states that each House "shall choose its ... officers, and shall judge of the election and qualification of its members."

In addition, a significant factor in *Jones* was the stage in the election process at which the challenge was brought before the courts. The objectors sought to deny the candidate the right to run for office, which was "materially different from challenging her right to be seated in the event of her election." 505 Pa. at 63, 476 A.2d at 1293. The Court emphasized that the courts have been granted limited jurisdiction over election matters:

> The authority to regulate the election process is vested in the Legislature. Because our jurisdiction in the area flows from statute rather than common law, it cannot be extended by implication beyond the prescription of the act from which it originates.... Absent an identification of the specific

---

**8.** The lead opinion in *Jones* was authored by Chief Justice Nix and joined by Justices Zappala and Papadakos; Justice Flaherty concurred in the result; Justices McDermott and Hutchinson filed separate dissenting opinions; and Justice Larsen did not participate.

**9.** That provision requires that Senators "shall have been ... inhabitants of their respective districts one year next before their election[.]" Pa. Const. art. 2, § 5.

statutory authority from which jurisdiction arises, the courts are powerless to intervene.

*Id.,* 476 A.2d at 1293–94 (citations and footnote omitted).[10] Under the Election Code, the "sole and exclusive remedy" for challenging a person's right to run for political office is provided by Section 977, 25 P.S. § 2937, and the sole means by which nomination papers may be rejected is provided by Section 976, 25 P.S. § 2936. In the absence of a specific defect apparent on the face of the nomination petition and accompanying papers, a nomination petition may not be struck. *Id.* 505 Pa. at 65, 476 A.2d at 1294–95.

The *Jones* plurality rejected the dissent's argument that a candidate's affidavit is rendered defective or false when he or she swears to be eligible for the office sought but does not fulfill every constitutional requirement for that office. It stated:

> [I]t does not necessarily follow that the legislature intended to use the election process as a device to screen against every possible impediment to holding office.
>
> Moreover, Mr. Justice Hutchinson [in his dissenting opinion], after equating "entitled to file" with "eligible for office", then makes *the extraordinary leap of assuming all of the laws of the Commonwealth, including Article 2, section 5, pertaining to qualifications for holding public office are incorporated in section 910* [25 P.S. § 2870 ("Affidavits of candidates") ].

*Id.* at 67, 476 A.2d at 1295–1296 (emphasis added). If reading into the Election Code a constitutional provision with an explicit limitation on qualification to hold office is an "extraordinary leap," then the trial court's decision in this case was an extraordinary leap as well. Appellant's age may certainly be a factor that could prove to hamper his ability to *serve* as a

10. The Court also noted that "we have approved the liberal construction of the Election Code so as not to deprive an individual of his right to run for office or the voters of their rights to elect the candidate of their choice." *Id.* 505 Pa. at 63 n. 11, 476 A.2d at 1294 n. 11 (citations omitted).

district justice, but it is not a restriction on his eligibility to run for that office.

In this regard, the case *sub judice* is distinguishable from *Petition of Hughes,* 516 Pa. 90, 532 A.2d 298 (1987), where the Court declined to follow *Jones.* In *Hughes,* the Court held that a candidate was barred from running for Philadelphia City Council where he had been convicted in federal court of conspiracy to obstruct interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a). In so holding, the Court relied on Article 2, Section 7 of the Pennsylvania Constitution, which provides that no person convicted of an "infamous crime" shall be capable of "holding any office of trust or profit in this Commonwealth." The Court found that *Jones* did not control because *Jones* was a plurality opinion and concerned an election to the Senate of the General Assembly and not an election to a city council. *Id.* 516 Pa. at 99 n. 5, 532 A.2d at 303 n. 5.

Despite the distinctions between *Jones* and *Hughes,* however, *Hughes* does not support the striking of the Appellant's nomination petitions. The restriction on holding office in *Hughes* was an explicit, constitutional provision. To find the Appellant ineligible to run in this case would require the Court to look to various unrelated statutes and rules and speculate from them that Appellant would be unable to fulfill the duties of district justice. Such an inquiry is not authorized by the Election Code at this stage in the election process. *See generally Jones,* 505 Pa. at 62–67, 476 A.2d at 1292–1296. Further, the restrictions on minors cited by the trial court may not lead inexorably to the conclusion that Appellant could not serve. Testimony at the hearing indicated, for example, that it was possible for arrangements to be made among the various district justices in the 38th Judicial District to accommodate limitations on Appellant's schedule during the four months between the date he might take office and his eighteenth birthday.

■ In addition, we have reviewed and found to be without merit the Appellees' argument that Appellant cannot run in

the primary because he is not a member of a political party. Although the assumption may be that only party members will be nominated, the Election Code does not require party membership for district justice candidates. The Election Code requires party membership only for persons who sign the nomination petition, vote at the primary, or run for party officer, member or delegate of any party committee, or delegate or alternate delegate to any party convention. *See* 25 P.S. §§ 2832, 2867, 2868. A candidate for the office of district justice need not be a party member. *See* 25 P.S. § 2870(g). *See also* 25 P.S. § 2869(a) (circulator of nomination petition for district justice candidate need not be member of political party).

Accordingly, we concluded that the Appellant had filed valid nominating petitions, and the May 7, 1993, Order directing that his name be placed on the primary ballots was entered.

LARSEN, J., participation in this matter was limited to consideration and decision of the order entered.

MONTEMURO, J., did not participate in the consideration or decision of this matter.

NIX, C.J., and ZAPPALA, J., file concurring opinions.

PAPADAKOS, J., files a dissenting opinion.

NIX, Chief Justice, concurring.

I join the majority's holding that a minor is not prohibited from running for District Justice in Montgomery County under the extant statutory provisions. However, the issues of being permitted to run for the office and, if elected, being entitled to be seated are distinctly different issues. In the posture of this matter, the latter issue is not before us.

ZAPPALA, Justice, concurring.

I join the Opinion of the Court. I note again, however, that we are not called upon to, nor do we, address the substantive issue of whether the Appellant is qualified to hold the Office of District Justice, much less the more fundamental question

210

whether this Court could establish such qualifications under our "general supervisory and administrative authority over all the courts and justices of the peace," Pa. Const., Art. V, § 10(a).

PAPADAKOS, Justice, dissenting.

I have read the erudite opinion of the majority and I remain unconvinced that one, not an elector, who cannot serve if elected, should be permitted to clutter up the ballot with his or her candidacy. I reiterate that if you can't serve, you can't run! We should recognize frivolity and deal with it accordingly.