**In re Candidacy of Ronald T. ELLIOTT for the Office of District Attorney of Clarion County, Pennsylvania.**

**Ronald T. Elliott, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1995.

Decided April 7, 1995.

William E. Hager III, for appellant.

Ralph L.S. Montana, for appellee.

Before SMITH and FRIEDMAN, JJ., KELTON, Senior Judge.

KELTON, Senior Judge.

Before us is Ronald T. Elliott's appeal from the March 22, 1995 order of the Court of Common Pleas of Clarion County sustaining George P. Shirey's (Objector's) objection to Elliott's nominating petition for District Attorney of Clarion County and setting aside that nominating petition. For the reasons set forth below, we direct that this case be transferred to the Supreme Court of Pennsylvania for such further proceedings as may be appropriate.

The following facts are not in dispute. Elliott is an attorney and member of the Clarion County Bar. On February 14, 1994, Elliott was admitted to practice law in the Commonwealth of Pennsylvania by the Supreme Court of Pennsylvania.

A registered Republican, Elliott filed a nomination petition as a Republican candidate for the Office of District Attorney of Clarion County for the 1995 primary and general elections. On March 14, 1995, Objector filed an objection to Elliott's nomination petition pursuant to 16 P.S. § 1401(c), which provides as follows:

> (c) In counties of the third, fourth, fifth and sixth classes, the district attorney shall have been admitted to practice as an attorney before the Supreme or Superior Courts of this Commonwealth for at least two years prior to the time for taking oath of office, or shall have been admitted to practice before the Supreme or Superior Courts of the Commonwealth for at least six months prior to the time for taking the oath of office, and have been practicing law before a court of record of this Commonwealth for at least five years.

Specifically, Objector contends that Elliott is ineligible to be District Attorney of Clarion County in that he would not be admitted to practice as an attorney in this Commonwealth for at least two years prior to the date for taking the oath of office, which has been set for Tuesday, January 2, 1996. *See* 16 P.S. § 402(b).

As this case involves a challenge to the right to hold office, this Court on its own motion raises a question of jurisdiction pursuant to 42 Pa.C.S. § 722(2):

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:
>
> . . . .
>
> (2) The right to public office.

In *Egan v. Mele*, 535 Pa. 201, 634 A.2d 1074 (1993), the Supreme Court considered a challenge to the candidacy of a sixteen year old who was seeking election to the office of District Justice in Magisterial District 38–1–23. The Supreme Court held that the Commonwealth Court did not have jurisdiction under Section 722(2) and stated therein:

> We vacated the Order of the Commonwealth Court because this Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas involving the right to public office. 42 Pa.C.S. § 722(2).

*Id.*, 535 Pa. at 203 n. 2, 634 A.2d at 1075 n. 2. (For further discussion of the jurisdictional issues involved in challenges of the right of

candidates to hold public office, see PA Appellate Practice 2d, § 25:104). We conclude that under *Egan* we do not have jurisdiction.

Accordingly, we therefore transfer this matter to the Supreme Court for such further proceedings as may be appropriate.

### ORDER

AND NOW, April 7, 1995, upon our motion, jurisdiction is hereby transferred to the Pennsylvania Supreme Court, pursuant to 42 Pa.C.S. § 722(2).

SMITH, J., dissents.