**In re Objection to the Nomination Petition of Joseph MANCUSO.**

**Dorothy C. Kelly, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1995.
Decided April 7, 1995.

---

Gary N. Altman, for appellant.

Richard E. Bower, for appellee.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Dorothy C. Kelly (Objector) appeals from the March 22, 1995 order of the Court of Common Pleas of Fayette County, dismissing Objector's Objection to the Nomination Petition of Joseph Mancuso (Candidate).

Candidate timely filed his nomination petition for re-election to the Office of School Director of the Connellsville School District for both the Democratic and Republican primaries. Objector timely filed her Objection, alleging that Candidate is not qualified to hold the office of school director because he has been convicted of infamous crimes, including the first degree felonies of burglary, robbery, and aggravated assault. Objector requested that the trial court rule the Candidate constitutionally unfit to hold the office of school director and order the Fayette County Election Bureau to reject his nomination petition and not permit his name to appear on the ballot.

Candidate filed a motion to dismiss Objector's objection, alleging, among other arguments, that Candidate lacks standing to object to his nomination petition. Following a hearing, the trial court granted Candidate's motion to dismiss. The court ruled that, under *In re Williams,* 155 Pa.Commonwealth Ct. 494, 625 A.2d 1279 (1993), because Objector is a Democrat, she has no standing to challenge Candidate's Republican nomination petition. Additionally, the court ruled that because Objector and Candidate reside in different regions of the same school district, she cannot vote for Candidate in either the primary or general election; therefore, Objector has no standing to challenge either of Candidate's nomination petitions.

Objector appeals from the trial court's order. However, after hearing oral argument and without deciding the issues raised on appeal, we conclude that this court does not have jurisdiction to hear Objector's appeal. See *In re Elliot,* —— Pa.Commonwealth Ct. ——, 657 A.2d 132 (1995), and cases cited therein.

### ORDER

AND NOW, April 7, 1995, upon our motion, jurisdiction is hereby transferred to the Pennsylvania Supreme Court, pursuant to 42 Pa.C.S. § 722(2).

SMITH, J., dissents.