In the Matter of Nomination Petition of Robert (Bob) WARREN for the Democratic Nomination for the position of School Director in the Hazleton Area School District.

Mark W. Johnson, Carmella Yenkevich and John Alberda, Appellants.

In the Matter of Nomination Petition of Anthony KIDDISH for the Democratic Nomination for the position of School Director in the Hazleton Area School District.

Mark W. Johnson, Carmella Yenkevich and John Alberda, Appellants.

In the Matter of Nomination Petition of Edward WANYO for the Democratic Nomination for the position of School Director in the Hazleton Area School District.

Mark W. Johnson, Carmella Yenkevich and John Alberda, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 15, 1997.
Decided April 22, 1997.

George R. Hludzik, Drums, for appellants.

Michael R. Kostelansky, Wilkes–Barre, for appellees.

Before COLINS, President Judge, and DOYLE, J., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Mark Johnson, Carmella Yenkevich and John Alberda (Objectors) appeal from separate orders of the Court of Common Pleas of Luzerne County which granted the motion of three candidates for local office, Robert Warren, Anthony Kiddish and Edward Wanyo (Candidates), to Quash the Objectors' Petition to Set Aside their Nomination Petitions for the office of School Director in the Democratic primary, which is to be held on May 20, 1997.[1]

On March 11, 1997, Robert Warren[2] filed a Nomination Petition for the office of School Director. The Objectors filed a Petition to Set Aside Warren's Nomination Petition on March 18, 1997, alleging that (1) Warren did not timely file his Statement of Financial Interest under Section 4(b)(2) of the Public Officials and Employee Ethics Act (Ethics Act),[3] and (2) that his Nomination Petition is incomplete because the Title of Office line on the "Affidavit and Loyalty Oath" was left blank.

A hearing was held before the Court of Common Pleas of Luzerne County on March 21, 1997, at which time Warren presented his Motion to Quash the Objectors' petition. Warren contended that the Objectors' petition must be quashed because they failed to plead that they are members of the Democratic party, and, therefore, they do not have standing to contest his Nomination Petition.

By order dated March 24, 1997, the Common Pleas Court quashed the Objectors' Petition to Set Aside Warren's Nomination Pe-

---

1. All Candidates cross-filed for the office of School Director. Only the challenge to the Candidates' Nomination Petitions in the Democratic primary, however, are involved in this appeal. The record reveals that the Candidates' Nomination Petitions in the Republican primary were set aside by the Common Pleas Court.

2. Because this is a consolidated appeal, the facts presented are identical to all three candidates, and our disposition in this opinion, therefore, applies to all Candidates. However, to simplify matters, we have used only Robert Warren's name throughout the opinion.

3. Act of October 4, 1978, P.L. 883, *as reenacted and amended*, June 26, 1989, P.L. 26, 65 P.S. § 404(b)(2).

tition because they failed to plead that they "are citizens, registered to vote, and eligible to participate in the election at issue." This appeal ensued.[4]

On appeal, the Objectors contend that Common Pleas erred in refusing to allow them to testify at the hearing that they are, in fact, citizens who are registered as Democrats and are otherwise eligible to participate in the upcoming election. The Objectors argue that the defect in their pleading should not have been fatal because they could have established by oral testimony that they had standing to challenge the Nomination Petitions. After a thorough review of the record and relevant case law, we must agree and, therefore, reverse the order of the Common Pleas Court and remand the matter for further disposition on the merits.

We begin by first addressing the threshold motion which Warren has presented to quash the Objectors' appeal to this Court. Warren argues that we should dismiss this appeal because (1) the Objectors did not reduce the March 24th order of Common Pleas to judgment before filing their notice of appeal and (2) jurisdiction in this matter lies exclusively with the Pennsylvania Supreme Court. We reject both arguments.

■ Contrary to Warren's assertion, the entry of judgment was not required following the trial court's order before becoming a final appealable order. This Court has recently held that, pursuant to Pa.R.A.P. 301, the only orders which must be reduced to judgment before an appeal may be taken are orders which dispose of issues raised on the basis of a motion for post-trial relief pursuant to Pa. R.C.P. No. 227.1. *See Temple University of the Commonwealth System of Higher Education v. City of Philadelphia*, —— Pa. Cmwlth. ——, —— A.2d —— (No. 898 C.D. 1996, filed April 15, 1997). The order appealed from in the present appeal was not one that disposed of issues raised by a motion for posttrial relief, but was simply an order that granted Warren's Motion to Quash the Objectors' Petition to Set Aside. As such, the March 24th order was a final appealable

order under Pa. R.A.P. 301. Accordingly, the Objectors did not have to reduce it to judgment before filing their appeal.

■ The pertinent case law involving our jurisdiction to hear this appeal is found in *Egan v. Mele*, 535 Pa. 201, 634 A.2d 1074 (1993), *In re Elliott*, 657 A.2d 132 (Pa. Cmwlth.1995) and *In re Mancuso*, 657 A.2d 136 (Pa.Cmwlth.1995). In *Egan v. Mele*, the Pennsylvania Supreme Court held that a minor was not prohibited under the Constitution, or under any statutes or court rules, from running for or holding the office of district justice. In so holding, the Supreme Court vacated this Court's order, noting that it has exclusive jurisdiction of appeals involving the right to public office under 42 Pa.C.S. § 722(2), which provides as follows:

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:
>
> . . . .
>
> (2) The right to public office.

42 Pa.C.S. § 722(2).

In *Elliott*, this Court concluded that *Egan v. Mele* was binding upon the facts involved in that case. In *Elliott*, an objection was filed to Elliott's nomination petition for District Attorney of Clarion County because he would not be admitted to practice as an attorney in the Commonwealth for at least two years prior to the date for taking the oath of office, which was required under 16 P.S. § 1401(c). We held that because the objection involved a challenge to the right to hold public office, the Pennsylvania Supreme Court had the exclusive jurisdiction to hear the appeal pursuant to 42 Pa.C.S. § 722(2).

In *Mancuso*, a candidate's fitness to hold the office of school director was challenged on constitutional grounds because the candidate had been convicted of the first degree felonies of burglary, robbery and aggravated assault. The candidate filed a motion to dismiss the objection because the objector,

---

**4.** Following the appeal to this Court, Warren filed a Motion to Quash the appeal on the grounds that the March 24th order of the trial court is not a final appealable order and that this Court does not have jurisdiction to hear this matter.

being a Democrat, had no standing to challenge the candidate's Republican nomination petition. Common Pleas granted the candidate's motion to quash. The objector appealed, arguing that the trial court erred in dismissing his objection. We did not decide the merits of the appeal because we concluded that, pursuant to our decision in *Elliott,* we did not have jurisdiction.

■ We may summarize this case law by concluding that this Court has jurisdiction to hear appeals involving issues arising **from the election process,** while the Supreme Court has jurisdiction to hear appeals in matters challenging a candidate's right to hold public office, that is, the basic qualifications of the candidate to hold public office. *See Smethport Area School District v. Bowers,* 440 Pa. 310, 317, 269 A.2d 712, 716 (1970)(stating that "the right to public office," as used in 42 Pa.C.S. § 722(2), includes questions of "qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of a particular office.")

Indeed, the *Mancuso* decision, while it came to this Court in the same procedural posture as does the present appeal, involved an underlying challenge to the candidate's basic right to hold public office. Because the Supreme Court had exclusive jurisdiction to hear the underlying objection to the nomination petition on appeal, this Court transferred the entire case to the Pennsylvania Supreme Court.

In contrast, in the present appeal, the objections to Warren's nomination petition do not involve his qualifications and his right to hold public office. Rather, the challenges involve issues arising from the election process, namely, whether he filed his Statement of Financial Interest in a timely manner and whether his nomination petition was complete.

We emphasize that pursuant to 42 Pa.C.S. § 762(a)(4)(i)(C), this Court has exclusive jurisdiction of **election procedures.** The statute states the following, in pertinent part:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.**–Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas in the following cases:

. . . .

(4) Local government civil and criminal matters.—

(i) ... where is drawn in question the application, interpretation or enforcement of any:

. . . .

(C) statute relating to elections, campaign financing or other **election procedures.** (emphasis added.)

. . . .

**(b) Exception.**–The Commonwealth Court shall not have jurisdiction of such classes of appeals from the courts f common pleas as are by section 722 ... within the exclusive jurisdiction of the. Supreme Court. 42 Pa.C.S. § 762(a)(4)(i)(C), (b). Thus, pursuant to the jurisdictional statute of this Court, we have the authority to hear the instant appeal because the underlying issue involves the time within which a candidate must file his statement of financial interest under Section 4(b)(2) of the Ethics Act, 65 P.S. § 404(b)(2).

■ Accordingly, we now turn to the issues on appeal. For the following reasons, we conclude that Common Pleas erred in dismissing the Petition to Set Aside Warren's Nomination Petition for failure to plead party affiliation when the Objectors were willing to testify at the hearing that they were registered Democrats.

In *In re Johnson,* 509 Pa. 347, 502 A.2d 142 (1985), the Pennsylvania Supreme Court observed that Section 977 of the Pennsylvania Election Code [5] requires that the Petition to Set Aside contain the following when filing objections to a candidate's nomination petition: 1) the petition must be filed within seven days after the last day for filing the

---

5. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937 (Supp.1985).

**1182** ■ 

challenged nomination petition; 2) the petition must specifically set forth the objections; 3) the petition must contain a prayer that the nomination petition be set aside; 4) the petition must be served upon the officer or board upon whom the nomination petition was filed.[6] *Id.* at 351, 502 A.2d at 144.

The Court found that Section 977 "prescribes no other requirement as to the form, content or filing of an objection, nor does any other section of the Election Code address that subject." *Id.* As such, the Supreme Court held the following:

> A petition challenging [a candidate's] qualification need not be drafted with the nicety required of a formal pleading in an action at law. If it is timely filed and alleges a *prima facie* case, the court should, in the public interest, undertake its consideration.

*Id.* at 351, 502 A.2d at 145 (citation omitted.)

The Court explained its holding by emphasizing that the overriding consideration embodied in Section 977 of the Election Code is "the expeditious resolution of objections to a prospective candidate's filings." *Id.* (citations omitted.) The Court continued by stating:

> We do not believe that engrafting technical rules of pleading and procedure onto the mechanism prescribed by the legislature serves that end, nor do we find the addition of such a requirement would materially enhance the integrity of the election process.

*Id.* at 352, 502 A.2d at 145.

Therefore, since the Supreme Court has held that a Petition to Set Aside a Nomination Petition need only comply with Section 977 of the Election Code, and because the pleading of party affiliation is not required by Section 977, the trial court erred in quashing the Objectors' petition without first hearing testimony pertaining to their standing. Of course, the Objectors are required to have standing to challenge the Candidates' Nomination Petitions, but establishing that fact will be left to the hearing in Common Pleas.

*See In re Williams,* 155 Pa.Cmwlth. 494, 625 A.2d 1279 (1993); *In re Pasquay,* 105 Pa. Cmwlth. 532, 525 A.2d 13 (1993).

Accordingly, we reverse and remand for the trial court to hear evidence regarding the Objectors' party affiliation. If it is established that they are registered Democrats, then the Objectors must be found to have standing to challenge the Candidates' Nomination Petitions and the Court will proceed to decide the merits of the challenge.

Jurisdiction relinquished.

### ORDER

**NOW,** April 22, 1997, the orders of the Court of Common Pleas of Luzerne County in the above-captioned matters are reversed and these cases are remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**6.** In *Johnson,* the Supreme Court held that a Petition to Set Aside a Nomination Petition was not required to contain a verification.