## In Re: Nomination Petition of Frank RIZZO for City Council at Large for the Republican Party.

### Appeal of: Ross M. Wolfe and Denise M. Furey.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2011.

Decided April 8, 2011.

Publication Ordered April 11, 2011.

The Roosevelt–Bentman Trust for American Voters.

BEFORE: BROBSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Ross M. Wolfe and Denise M. Furey (Appellants) appeal from the March 23, 2011, order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellants' petition to set aside the nomination petition of Frank Rizzo (Candidate) for City Council.

Candidate participates in the City of Philadelphia's Deferred Retirement Option Plan (DROP). Under section 22–310(2) of the Philadelphia Code, "employees who elect to participate in the DROP make an irrevocable commitment to separate from City service and retire upon ceasing participating in the DROP, which they must do no later than four years after entering the DROP." Under section 22–310(5)(g) of the Philadelphia Code, the City may re-hire a DROP retiree. (Trial Ct. Op. at 4.)

Appellants filed a petition to set aside Candidate's nomination petition, arguing that because Candidate made an irrevocable commitment to retire from City service by entering the DROP, Candidate may not seek to serve the City again by running for an elected office. Appellants asserted that, although the City may **re-hire** a DROP retiree, the City may not **re-elect** a DROP retiree.

The trial court denied Appellants' petition, stating that Candidate did not deliberately file a false affidavit regarding his eligibility for office because Candidate relied upon the advice of the City Solicitor.[1]

J. Matthew Wolfe, Philadelphia, for appellants.

Dennis J. Cogan and Christopher D. Warren, Philadelphia, for appellee.

Ellen M. Kaplan, Philadelphia, for amicus curiae Committee of Seventy.

Lawrence M. Otter, Doylestown, for amici curiae The Caucus of Philadelphia Republican Ward Leaders, The National Conference of Public Officials, Inc., and

---

1. In *Egan v. Mele,* 535 Pa. 201, 206 n. 7, 634 A.2d 1074, 1076 n. 7 (1993), our Supreme Court stated that the law requires a deliberate

The City Solicitor advised Candidate that the DROP only required that Candidate retire for one full day before coming out of retirement at the start of the next term.

The trial court also concluded that Candidate only made an "irrevocable" commitment under section 22–310(2) to remain in the DROP until his retirement from City service. The trial court based its conclusion, in part, on the fact that the City could re-hire DROP retirees, which means that the "irrevocable" commitment was **not** to retire permanently. Appellants now appeal to this court.

As a preliminary matter, Candidate argues that this court lacks subject matter jurisdiction over Appellants' appeal. We agree.

Section 762(b) of the Judicial Code states that this court "shall **not** have jurisdiction of such classes of appeals from courts of common pleas as are by section 722 (relating to direct appeals from courts of common pleas) within the exclusive jurisdiction of the Supreme Court." 42 Pa. C.S. § 762(b) (emphasis added). Section 722(2) states that our Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in cases relating to "[t]he right to public office." 42 Pa.C.S. § 722(2).

In *Egan v. Mele*, 535 Pa. 201, 634 A.2d 1074 (1993), an objector sought to strike the nomination petition of a candidate running for the office of district justice. The objector asserted that the candidate was not eligible for the office due to his age, and, therefore, he filed a false candidate's affidavit stating that he was eligible for office. This court affirmed the striking of the nomination petition, but our Supreme Court vacated the order because it had exclusive jurisdiction of the matter under

section 722(2) of the Judicial Code. *Id.* at 204 n. 2, 634 A.2d at 1075 n. 2.

In *In re Elliott*, 657 A.2d 132 (Pa. Cmwlth.1995), an objector sought to set aside the nomination petition of a candidate for district attorney, arguing that the candidate was not eligible for the office because he had not been admitted to practice as an attorney for the requisite period. Relying on *Egan*, this court transferred the case to our Supreme Court under section 722(2) of the Judicial Code. *Id.* at 133–34.

In *In re Warren*, 692 A.2d 1178 (Pa. Cmwlth.1997), an objector sought to set aside a nomination petition of a candidate for school director, arguing that the candidate failed to file a timely Statement of Financial Interest. This court reviewed *Egan*, *Elliott* and other case law and stated:

> We may summarize this case law by concluding that this Court has jurisdiction to hear appeals involving issues arising **from the election process,** while the Supreme Court has jurisdiction to hear appeals in matters challenging a candidate's right to hold public office, that is, the basic qualifications of the candidate to hold public office. *See Smethport Area School District v. Bowers*, 440 Pa. 310, 317, 269 A.2d 712, 716 (1970) (stating that "the right to public office," as used in 42 Pa.C.S. § 722(2), includes questions of "qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of a particular office.")

*Warren*, 692 A.2d at 1181 (emphasis in original). This court then determined that it had jurisdiction because whether there has been a timely filing of a Statement of Financial Interest arises from the election

---

misrepresentation to constitute false swearing in a candidate's affidavit.

process, not the qualifications of the candidate for the office.

Here, Appellants contend that Candidate is not eligible to seek an elected City office because Candidate is a DROP retiree and, under section 22–310(2) of the Philadelphia Code, DROP retirees are not eligible to seek an elected City office. The question, then, is whether section 22–310(2) really contains an eligibility requirement that candidates for elected City office not be DROP retirees. The matter is similar to *Egan* and *Elliott,* where the objectors claimed that the candidate was not eligible to hold the elected office that he sought.

Accordingly, we transfer this matter to our Supreme Court.[2]

### ORDER

AND NOW, this 8th day of April, 2011, this matter is hereby transferred to the Supreme Court of Pennsylvania.

---

**2.** If our Supreme Court should rule that this court has jurisdiction over this matter, we would adopt the trial court's opinion and affirm the trial court's holding that section 22–310(2) of the Philadelphia Code does not mean that DROP retirees are ineligible to seek reelection.